UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALDO XAVIER-DE ASSUNCAO,<br><br>　　　　　Petitioner,<br><br>v.<br><br>BRUCE SCOTT, Warden, Northwest Immigration and Customs Enforcement Processing Center; *et al*,<br><br>　　　　　Respondents. | No. 2:26-CV-01549-SAB<br><br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 3. Petitioner is proceeding pro se in this matter. Respondents are represented by Brian C. Kipnis.

Petitioner is a citizen of Brazil. He entered the United States on May 20, 2021, and was released following a brief period of detention. On November 15, 2021, Petitioner failed to appear for a scheduled appointment with immigration officials. Nearly five years later, on May 3, 2026, immigration officials revoked Petitioner's release due to the failure to appear. Petitioner was taken into the custody of Immigration and Customs Enforcement (ICE) and booked into the Northwest Immigration Processing Center that same day.

Prior to his arrest and re-detention, Petitioner Bonilla Marquez was not provided with notice or a hearing.

Courts in this District have held that when an immigration petitioner is released and later re-detained, that petitioner is held in detention pursuant to § 1226(a) and is therefore not subject to mandatory detention. *See e.g.*, *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026). This is true even when a petitioner is alleged

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS #1**

to have violated the terms of release from detention. *See Ramirez Tesara* v. *Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025); Camacho, 2026 WL 1243459 at *7; *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026).

When determining whether a petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this district apply the three-factor *Mathews* test. *See e.g.*, *Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026).  Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

Courts in this District have routinely determined that a finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g.*, *Rana* 2026 WL 472800, at *4–5; *Camacho*, 2026 WL 1243459 at *8; *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). Under Ninth Circuit caselaw, the status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #2**

protected liberty interest in remaining free from custody, especially since he was released into the community in 2021. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As to whether Petitioner should be released, the Court notes that Petitioner's re-detainment was the impetus for the pending controversy. Therefore, Petitioner should be released because that was his status prior to re-detainment. *See Tanner*, 316 F.2d at 809. Furthermore, WDWA caselaw clearly states that having a bond hearing now would not cure the underlying constitutional violation and that release is therefore the only way to return the status quo.

Respondents seem to contend that Petitioner is subject to detention because he is alleged to have violated the conditions of his release. Curiously, the violation is alleged to have occurred on November 15, 2021, however, Respondents took no action with regard to Petitioner until May 3, 2026. Regardless of the question this timeline may raise, the mere fact that Petitioner is *alleged* to have violated the terms of his release is not sufficient to deprive him of the due process to which he is entitled: Respondents cannot strip an individual of the liberty interest in remaining free from detention—accrued over years of release—without first holding a hearing. *See Ramirez Tesara*, 800 F. Supp. 3d at 1137; *Camacho*, 2026 WL 1243459 at *7; *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026).

Accordingly, **IT IS ORDERED**:

1.    Petitioner's Petition for Writ of Habeas Corpus, ECF No. 3, is **GRANTED**.

2.    **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #3**

of this order, Respondents shall file a certification that Petitioner has been released.

3.      Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4.      At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 10th day of June 2026.

_____

Stanley A. Bastian

United States District Judge

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #4**